HON. JOHN F. LENNON Acting Superintendent Insurance Department
This is in response to a request by Bernard Goldstein, Office of General Counsel of the Insurance Department, for an opinion as to whether or not the practice in the automobile leasing industry of charging the lessee of an automobile a small fee for the purchase of a collision damage waiver from the lessor constitutes doing an insurance business by the lessor within the purview of section 41 of the Insurance Law.
Mr. Goldstein's letter states that it is the general practice in the automobile leasing industry to charge the lessee of an automobile a small fee for the purchase of a collision damage waiver from the lessor. If purchased, the waiver relieves the lessee of any property damage liability up to the amount of the deductible specified in the lessor's insurance policy. If not purchased, the lessee would be liable to the lessor for the amount of the deductible.
Section 40 of the Insurance Law prohibits the doing of an insurance business unless authorized by a license issued by the Superintendent of Insurance. The terms "insurance contract" and "doing an insurance business" are defined in section 41 of the Insurance Law. Section 41(1) states that an insurance contract is "any agreement or other transaction whereby one party * * * is obligated to confer benefit of pecuniary value upon another party * * * dependent upon the happening of a fortuitous event * * *." "A fortuitous event is any occurrence or failure to occur which is * * * to a substantial extent beyond the control of either party."
Section 41(3) states that any of the following acts constitute doing an insurance business:
 "(a) the making, as insurer, or proposing to make as insurer, of any insurance contract, * * * (c) the collection of any premium, membership fee, assessment or other consideration for any policy or contract of issuance; * * *"
It does not appear that an agreement to waive liability, such as the one described above, fits the definition of an insurance contract pursuant to section 41(1) of the Insurance Law. Pursuant to the section, in order to constitute an insurance contract, an agreement must contain an obligation to confer a benefit upon the party "dependent upon the happening of a fortuitous event", i.e., the conferral of the benefit is dependent upon the happening of an event. In the agreement we are discussing, it appears that the waiver of liability is not dependent upon the damaging of the car. Rather, the waiver of liability occurs at the moment of completing the agreement and continues to exist regardless of whether or not the automobile is damaged. To interpret this section in any other way would require a finding that every waiver of liability is an insurance contract. It does not appear that the Legislature intended such a result.
Moreover, it is obvious that this type of agreement, involving a waiver of liability, does not pose the dangers that the Insurance Law was designed to meet, including inadequate coverage, excessive premiums and fiscal irresponsibility (see Matter of Feinstein v. Attorney General,36 N.Y.2d 199, 208 [1975]).
Therefore, I conclude that the practice in the automobile leasing industry of charging the lessee of an automobile a small fee for the purchase of a collision damage waiver from the lessor does not constitute doing an insurance business within the purview of section 41 of the Insurance Law.